IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANLEY P. GONZALEZ,<br>　　　　Plaintiff,<br>　v.<br>FIDELITY CAPITAL FUNDING INC, et al.,<br>　　　　Defendant._____/ | No. C 10-554 CRB<br><br>**ORDER DISMISSING DEFENDANT AND REMANDING TO STATE COURT** |

　　　Janley Gonzalez, acting in pro per, brought this action against various defendants. His complaint asserts numerous violations of state law committed in connection with his acquisition of a mortgage loan. One defendant, JP Morgan Chase, moves to dismiss. JP Morgan is not named in the complaint, but is a successor to named defendant Washington Mutual. Washington Mutual, in turn, is the successor in interest to named defendants Long Beach Mortgage Company and Deutsche Bank National Trust Company. JP Morgan argues, inter alia, that it is not the successor in interest to Washington Mutual's <u>liabilities</u>, but rather that it simply purchased certain assets after Washington Mutual went into receivership.

　　　Indeed, JP Morgan submits judicially noticeable documents reflecting the fact that the FDIC retains its interest in Washington Mutual's liabilities, and is therefore the proper defendant. In particular, Defendant has submitted a copy of the purchase and assumption agreement between the FDIC and JP Morgan Chase Bank. Plaintiff does not dispute that this

document is an authentic record, and other courts have taken judicial notice of this same document. See Williams v. F.D.I.C., No. 08-15296, 2009 WL 5199237 (E.D. Cal. Dec. 23, 2009).[1] This agreement reflects that JP Morgan never assumed the legal liabilities owed to borrowers by Washington Mutual. See Req. for Judicial Notice, ex. 2, at 9. This court follows Williams and Yeomalakis, and concludes that Plaintiff has not viable claims against Defendant JP Morgan Chase. Therefore, the moving defendant is DISMISSED from this action.

Moreover, Defendant has established that Plaintiff's federal claims are clearly barred by the relevant statute of limitations. Therefore, those claims must be dismissed as to all defendants. Because this dismissal eliminates the question of federal law that originally established federal subject matter jurisdiction, and because there is no diversity among the parties, this Court hereby REMANDS what remains of this action to state court.

**IT IS SO ORDERED.**

Dated: April 12, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Williams relied on two Ninth Circuit cases to support taking judicial notice of such an agreement. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (taking judicial notice of agreements to which the government was a party); Transmission Agency of N. Cal. v. Sierra Pac. Power Co., 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice of order from federal agency). See also Yeomalakis v. F.D.I.C., 562 F.3d 56 (1st Cir. 2009). This Court does the same.